Mrs. A. H. Murchison, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 62838. Promulgated June 1, 1933.

*Harry C. Weeks, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

### OPINION.

Seawell: The respondent determined a deficiency of $415.89 in income tax for 1929, resulting, in part, from his disallowance as a deduction of depletion equal to 27½ percent of the amount received from the sale of royalty oil. The issue is whether or not the petitioner is entitled to the depletion deduction. The case was submitted on a stipulation of facts, which we incorporate herein by reference as our findings of fact.

It appears from the stipulation that in 1924 A. H. Murchison and E. H. Pigg obtained an oil and gas lease of certain unimproved lands in Wilbarger County, Texas. Thereafter in 1924 the lessees executed an instrument by the terms of which they " granted, sold, transferred, conveyed and delivered " to George B. Ray and J. H. Massie all of their interest in the lease except " an overriding five-sixteenths ($\frac{5}{16}$) royalty in and to said premises." The sale was made subject to all the covenants of the lease and in consideration of a cash payment of $15,000.

Upon the death of A. H. Murchison, in 1926, his interest in the overriding royalty passed to the petitioner, his widow. During the taxable year the petitioner received the sum of $6,464.38 from the sale of her share of royalty oil produced from the premises by the assignees of the lease in 1929. In her return for 1929 she claimed 27½ percent thereof as a deduction for depletion of her interest in the premises. The respondent disallowed the entire amount.

The respondent contends that the assignment divested A. H. Murchison of his entire estate in the premises, and, accordingly, petitioner had no reversionary or other interest in the property in 1929 subject to depletion. The cases of *Waller* v. *Commissioner*, 40 Fed. (2d) 892, and *Herold* v. *Commissioner*, 42 Fed. (2d) 942, and other decisions of the courts and the Board are cited by the respondent to support his rejection of petitioner's claim to depletion.

In the *Waller* and *Herold* cases, *supra*, there was an assignment by the lessees of their interest in the leases for a cash consideration and a royalty of all oil produced and saved from the property by the assignees. The effect of the assignments on the right of the assignors to depletion on the royalty rights reserved in the assignments was before the Court in *Palmer* v. *Bender*, 287 U.S. 551, decided since the submission of this proceeding. In holding that the assignors of the leases were entitled to deductions for depletion, the Court said, among other things:

\* \* \* The language of the statute [section 214 (a) (10), Revenue Act of 1921] is broad enough to provide, at least, for every case in which the taxpayer has acquired, by investment, any interest in the oil in place, and secures, by any form of legal relationship, income derived from the extraction of the oil, to which he must look for a return of his capital.

\*     \*     \*     \*     \*     \*     \*

Similarly, the lessor's right to a depletion allowance does not depend upon his retention of ownership or any other particular form of legal interest in the mineral content of the land. It is enough, if by virtue of the leasing transaction, he has retained a right to share in the oil produced. If so he has an economic interest in the oil, in place, which is depleted by production. \* \* \*

In the present case the two partnerships acquired, by the leases to them, complete legal control of the oil in place. Even though legal ownership of it, in a technical sense, remained in their lessor, they, as lessees, nevertheless acquired an economic interest in it which represented their capital investment and was subject to depletion under the statute. *Lynch* v. *Halworth-Stephens Co.*, *supra*. When the two lessees transferred their operating rights to the two oil companies, whether they became technical sublessors or not, they retained, by their stipulations for royalties, an economic interest in the oil, in place, identical with that of a lessor. *Burnet* v. *Harmel; Bankers Pocahontas Coal Company* v. *Burnet*, *supra*. Thus, throughout their changing relationships with respect to the properties, the oil in the ground was a reservoir of capital investment of the several parties, all of whom, the original lessors, the two partnerships and their transferees, were entitled to share in the oil produced. Production and sale of the oil would result in its depletion and also in a return of capital investment to the parties according to their respective interests. The loss or destruction of the oil at any time from the date of the leases until complete extraction would have resulted in loss to the partnerships. Such an interest is, we think, included within the meaning and purpose of the statute permitting deduction in the case of oil and gas wells of a reasonable allowance for depletion according to the peculiar conditions in each case.

Section 23 (1) of the Revenue Act of 1928, in so far as it relates to the right of the petitioner to depletion based upon her royalty interest in the property, is the same as section 214 (a) (10) of the 1924 Act, construed by the court in the *Palmer* case, *supra*.

The case of *Lizzie H. Glide*, 27 B.T.A. 1264, involved the question of whether the amount of a bonus received by a lessor of unproductive oil and gas land could be reduced by an allowance for depletion, and is not contrary to the conclusion reached in this proceeding. Here the petitioner's income was not derived from a bonus paid for the assignment of the lease, but from the sale of royalty oil extracted from the leased premises within the taxable year.

The issue is controlled by the *Palmer* case. Accordingly, our decision is in favor of the petitioner.

It is agreed in the stipulation that in her return for the taxable year the petitioner overstated taxable interest in the amount of $1,250. This amount will be eliminated from petitioner's gross income in the recomputation of her tax liability under Rule 50.

*Decision will be entered under Rule 50.*